## CARRICO *v.* SHEPHERD.

[No. 3,372.   Filed January 31, 1901.]

APPEAL AND ERROR.—*Evidence.*—A verdict will not be disturbed on appeal on the weight of the evidence, where there is some evidence to support it.   *p. 207.*

REPLEVIN.—*Estoppel.*—In an action to replevin a horse sold by plaintiff's husband, in her absence, the evidence was conflicting upon the question whether plaintiff consented to the sale, and there was evidence that she knew the horse was in the purchaser's possession before he sold it to defendant.   *Held,* that the court properly submitted to the jury, as the principal issue of fact, the question whether the husband sold the horse without the wife's consent, and not the question whether plaintiff was estopped from asserting her claim by reason of her knowledge of the second sale and her failure to reclaim the animal while in possession of the first purchaser. *pp. 207, 208.*

From the Sullivan Circuit Court.   *Affirmed.*

*John S. Bays,* for appellant.

*G. W. Buff* and *W. P. Stratton,* for appellee.

BLACK, J.—The appellee brought her action against the appellant for the recovery of a certain dark brown mare, the cause originating before a justice of the peace.   The court below overruled the appellant's motion for a new trial.   The evidence showed that the appellee was the owner of the animal, and that in her absence it was sold by her husband to one John W. Skidmore, who sold it to the appellant.   There was conflict in the testimony upon the question whether the appellee consented to the sale made by her husband.   The conclusion reached in the court below upon the evidence can not be disturbed on appeal, there having been some evidence supporting the verdict.

Counsel have discussed the action of the court in the giving of certain instructions to the jury and in refusing to give certain instructions asked by the appellant.   In this discussion it is claimed that the court erred in submitting to the jury as the principal issue of fact the question whether the

husband sold the mare with or without the consent of the appellee; and it is claimed that the court should have submitted to the jury at the appellant's request the question whether or not the appellee was estopped by her conduct from asserting her claim by reason of her knowledge of the sale to Skidmore and her failure to reclaim the animal, which she knew was in Skidmore's possession, until after he had sold it to the appellant.

We are of the opinion that there was no error as thus claimed.

There was a want of evidence of facts essential to an estoppel. The question designated by the court as the principal one in dispute was correctly so denominated in the court's instructions, and it would have been error to submit the facts in evidence as tending to constitute an estoppel by conduct, the elements of which are so well settled that we need not discuss them in this case.    Judgment affirmed.